# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1818V
UNPUBLISHED

| | |
|---|---|
| MARIA REISER MANWILL, | Chief Special Master Corcoran |
| Petitioner, | Filed: January 16, 2020 |
| v. | Special Processing Unit (SPU); |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Pneumovax 23 Vaccine; Vaccine Not Covered Under the Program; Vaccine Act Entitlement; |
| Respondent. | Special Processing Unit ("SPU") |

*David Charles Richards, Christensen & Jensen, P.C., Salt Lake City, UT,* for petitioner.

*Heather Lynn Pearlman, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION[1]

**Corcoran,** Chief Special Master:

On November 27, 2019, Maria Reiser Manwill ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") caused by a pneumococcal polysaccharide vaccine administered on November 30, 2017. Petition at

---

[1] The undersigned intends to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

I issued an Order to Show Cause on December 5, 2019 and noted that pneumococcal polysaccharide vaccines are not covered by the Vaccine Program.  ECF No. 6 at 1-2.  I ordered Petitioner to file proof of a vaccination or any documents which establish an injury caused by a vaccine set forth in the Vaccine Injury Table by January 6, 2020.

On January 6, 2020, Petitioner filed Petitioner's Motion for a Dismissal Decision.  ECF No. 7.  Petitioner indicated in her motion that "[a]n investigation of the facts and science supporting her case has demonstrated to the petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." *Id*. at 1.  Petitioner further indicated that she "understands that a decision by the Special Master dismissing her petition will result in a judgment against her.  She has been advised that such a judgment will end her rights in the Vaccine Program." *Id*. at 2.

To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she received a vaccine set forth in the Vaccine Injury Table (the "Table").  See §11(c)(1)(A).  Compensation is awarded only to individuals "who have been injured by vaccines routinely administered to children."  H.R. Rep. 99-908, 1986 U.S.C.C.A.N. 6344 at 3.

"There are two types of pneumococcal vaccines . . . pneumococcal conjugate and polysaccharide vaccine[s]." *Bundy v. Sec'y of Health & Human Servs.*, No. 12-769V, 2014 WL 348852, at *1 (Fed. Cl. Spec. Mstr. Jan. 8, 2014).  Only pneumococcal conjugate vaccines, routinely administered to children, are covered by the Vaccine Program.  *See Morrison v. Sec'y of Health & Human Servs.*, No. 04-1683, 2005 WL 2008245, at *1 (Fed. Cl. Spec. Mstr. July 26, 2005) (describing how and when pneumococcal conjugate vaccines were added to the Vaccine Table).

Petitioner received a pneumococcal polysaccharide vaccine.  As such, petitioner is unable to show that she "received a vaccine set forth in the Vaccine Injury Table." §11(c)(1)(A).  Thus, petitioner cannot receive compensation on a claim based on a non-covered vaccine through the Vaccine Program, and the petition must be dismissed. *See, e.g.*, *Cielencki v. HHS*, No. 15-632V, 2015 WL 10767150, at *3 (Fed. Cl. Spec. Mstr. Dec. 22, 2015) (dismissing petition that involves Pneumovax).

Petitioner has failed to demonstrate that she was injured by a vaccine covered under the Vaccine Program.  **This case is dismissed for failure to state a claim upon which relief can be granted.  The clerk shall enter judgment accordingly.**[3]

---

[3] If petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoarn**</u>
Brain H. Corcoran
Chief Special Master